UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

LENNY JAVIER,

                Plaintiff,                                **CIVIL CASE
MANAGEMENT PLAN**

    -against-                                     **AND SCHEDULING ORDER**

NEW YORK CITY TRANSIT AUTHORITY,         22-CV-11010 (LGS)(RWL)
METROPOLITAN TRANSPORTATION
AUTHORITY, and HOPETON KIFFIN,

                Defendants.
--------------------------------------------------------X

LORNA G. SCHOFIELD, United States District Judge:

       This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.     All parties [consent _____ / do not consent __x__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2.     The parties [have __X__ / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

3.     This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

   a.     An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
   [Yes _____ / No _X__]

   b.     A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
   [Yes _____ / No _X_]

   c.     A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
   [Yes _____ / No _X_]

   d.     A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
   [Yes _____ / No X]

4.     Alternative Dispute Resolution/Settlement

    a.     Settlement discussions [have \_\_\_\_\_ / have not\_\_x\_\_] taken place.

    b.     Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following: N/A

    c.     Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: N/A

    d.     Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery): N/A

    e.     **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5.     No additional parties may be joined after <u> 90 </u> days without leave of Court.

6.     Amended pleadings may be filed without leave of Court until <u>90 days after this order</u>.

7.     Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than <u>\_\_\_14\_\_\_\_</u> days from the date of this Order. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8.     Fact Discovery

    a.     All fact discovery shall be completed no later than - <u>the parties anticipate the need for additional due to complex nature of this matter including, 3rd parties that may or may not be presently incompetent, immunity defense, municipal defenses, numerous depositions of witnesses (current and former employees and non-parties contractors/consultants) and relevant discovery potentially spanning decades.</u> *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

    b.     Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall

      be served by 3/24/23.

      2
      Do the parties anticipate e-discovery? [Yes __x__ / No _____ ]

    c.    Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by 3/24/23.

    d.    Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by <u>a date set by the Court at the upcoming conference</u>.

    e.    Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served <u>by a date set by the Court at the upcoming conference.</u>

    **f.**    **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9.    Expert Discovery [if applicable]

    a.    Anticipated types of experts if any:

        <u>Liability (engineers) and damages (medical professionals) experts</u>.

    b.    If you have identified types of experts in question 9(a), all expert discovery shall be completed no later <u>than a date to be set by the Court</u>. *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* <u>Omit</u> if you have not identified types of experts.

    c.    If you have identified types of experts in question 9(a), by than a date to be set by the Court *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10.    This case [is __x__ / is not ___ ] to be tried to a jury.

11.    Counsel for the parties have conferred and their present best estimate of the length of trial is **4 weeks**.

12.     Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

       <u>See Response to 8(a).</u>

13.     Status Letters and Conferences

    a.     By     *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

    b.     By     *[14 days after the close of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

    c.     On _____ at \_\_\_\_ A.M. *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

        i.     A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

        ii.     **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(g) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(g), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar, and to schedule the conference under paragraph 13(c) as a Pre-Motion Conference, even though the conference will be held by telephone.

SO ORDERED.

Dated:  March ____, 2023
         New York, New York

_____
LORNA G. SCHOFIELD
United States District Judge

Counsel for the Parties:

David Roth, Esq.
Roth & Roth, LLP
192 Lexington Avenue, Suite 802
New York, NY 10024
(212) 425-1020

Robert Genis, Esq.
Sonin & Genis
One Fordham Plaza, Suite 907
Bronx, NY 10458
(718) 561-4444

Attorneys for Plaintiff

Andrew P. Keaveney
Landman Corsi Ballaine & Ford P.C.
120 Broadway 13th Floor
New York, New York 10271
(212) 238-4800

Attorneys for Defendants

5