# LANDMAN CORSI BALLAINE & FORD P.C.

A NEW YORK PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

ANDREW P. KEAVENEY

MEMBER

TEL: (212) 238-4833
EMAIL: akeaveney@lcbf.com

120 BROADWAY

13TH FLOOR

NEW YORK, NEW YORK 10271

TELEPHONE (212) 238-4800

FACSIMILE (212) 238-4848

www.lcbf.com

One Gateway Center
22nd Floor
Newark, NJ 07102
Tel: (973) 623-2700

One Penn Center
1617 JFK Boulevard, Suite 955
Philadelphia, PA 19103
Tel: (215) 561-8540

300 Delaware Avenue
Suite 210
Wilmington, DE 19801
Tel: (302) 514-6901

May 30, 2023

*Via ECF*

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Lenny Javier v. New York City Transit Authority, et al.*
              Civ. No.:  22-cv-11010 (LGS)(RWL)

Dear Judge Schofield:

We represent defendants New York City Transit Authority, Metropolitan Transportation Authority, and Hopeton Kiffin in the above-referenced matter and we are jointly writing with plaintiff's counsel to provide the court with a status of this matter pursuant to the Court's March 21, 2023 civil case management plan and scheduling order.[1]

**(a)**     **What discovery has taken place, specifically**

        **(1)**     **What discovery requests have been propounded, who propounded each request and on what date,**

        **(2)**     **What responses were made, who made each response and on what date,**

        **(3)**     **The volume of documents produced, who produced the documents and when.**

---

[1] The order directed the parties that on "May 30, 2023, and every thirty days thereafter the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2."  We were unable to find that section in the Court individual rules and are therefore submitting this report pursuant to Rule III.D.3.

4892-1296-5991v.1

LANDMAN CORSI BALLAINE & FORD P.C.

Hon. Lorna G. Schofield, U.S.D.J.
May 30, 2023
Page 2

Defendants served their Rule 26 Initial Disclosure on April 4, 2023, with documents (NYCT-JA-000001- NYCT-JA-000082).  Also on April 4, 2023, Defendants served their initial interrogatories and Request (20 requests) for Production of Documents.

Plaintiff served her Rule 26 Initial Disclosure on their April 4, 2023 with no documents. Plaintiff served their response to Defendants' First Interrogatories and Response to First Request for Production of Documents (with copies of medical records – JAVIER 000001-0001019) on May 9, 2023.

Plaintiff served their First Request for Admission, First Request for Interrogatories, and First Request for Production of Documents (96 requests with subparts) on April 29, 2023.

Defendants served their responses to plaintiff's First Request for Admission, First Request for Interrogatories on May 30, 2023.

**(b)     The procedural history of the case to date, specifically**

   **(1)    What pleadings have been filed, who filed each pleading and on what date,**

   **(2)    What motions, if any, have been filed, who filed each motion and on what date each motion was filed,**

   **(3)    What motions, if any, are currently pending and, for each pending motion, the date it was or is scheduled to be fully briefed.**

This case was commenced by plaintiff by filing a summons and complaint on or about January 3, 2023 (ECF Doc. No. 6).  Defendants served their answer on February 7, 2023 (ECF Doc. No. 14).  On April 5, 2023, Defendants submitted a request for a pre-motion conference to request permission to interpose a third-party complaint against the individual who pushed plaintiff into a subway car.  Plaintiff opposed the application on April 12, 2023.  The Court denied the request on April 25, 2023 (ECF Doc. No. 31).

**(c)     The parties' plans to ensure that they meet the Court ordered discovery deadlines.**

On May 26, 2023, the parties met and conferred for almost two hours regarding Defendants' objections to several of plaintiff's request for productions on several grounds, the most prominent being that plaintiff's counsel made similar (if not identical) requests for documents in an ongoing case pending in the EDNY, in which similar claims were made and discovery produced and, therefore, the demands in this case would cause unnecessary delay, or needlessly increase the cost of litigation.  Plaintiff disagreed and pointed out there were many discovery disputes in the EDNY case that were not resolved on the merits, but on the age of the case and that

**LANDMAN CORSI BALLAINE & FORD P.C.**

Hon. Lorna G. Schofield, U.S.D.J.
May 30, 2023
Page 3

the responses were not complete. Plaintiff also objected to two of Defendants' affirmative defenses, specifically, governmental and judicial immunity, and requested that they be withdrawn.

The parties discussed each of Plaintiff's Requests and some compromises were reached. Defendants agreed to respond to a majority of the Requests and to further set forth any objections to determine if any further compromises can be reached before seeking the Court's intervention. The parties also discussed the affirmative defenses and Defendants' set forth their bases for the defenses.

The parties agreed to schedule depositions after the discovery is reviewed and the various issues resolved by agreement or motion practice.

Plaintiff's counsel also raised the possibility of seeking an increase in the number of depositions and time limits for each witness and has indicated that determination will be made upon receipt and review of Defendants' discovery.

Defendants have requested and plaintiff has agreed to extend Defendants' time to respond to the first request for production of documents for 30 days. However, due to this courtesy, the parties also request a 30 day extension of the deadlines set forth in the March 21, 2023 civil case management plan and scheduling order.

Respectfully submitted,

*Andrew P. Keaveney*

Andrew P. Keaveney

cc:   Roth & Roth, LLP (via ECF)

4892-1296-5991v.1