UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
:
LENNY JAVIER,                                                  :
:
                              Plaintiff,      :
:    22-CV-11010 (JGLC) (RWL)
            - against -                    :
:
NEW YORK CITY TRANSIT AUTHORITY,         :    **ORDER**
METROPOLITAN TRANSPORTATION              :
AUTHORITY, and HOPETON KIFFIN,           :
:
                             Defendants.  :
:
---------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

As discussed at the discovery conference held via Microsoft Teams on February 5, 2025:

1. By February 12, 2025, Defendant shall inform Plaintiff whether Defendant will produce a directory/map of the "N" drive.

2. By March 7, 2025, Defendant shall serve supplemental discovery responses as previously agreed to with Plaintiff.

3. With respect to ESI: (a) Plaintiff and Defendant shall confer about paring down Plaintiff's list of 37 potential custodians about which Plaintiff has inquired, with the goal of Plaintiff selecting a reasonable number of custodians; (b) Plaintiff shall provide to Defendant proposed search terms to which Plaintiff will respond and about which the parties will meet and confer; (c) the parties shall meet and confer about the extent to which ESI will or will not include email or shared drives. Tort division counsel shall not be deemed a custodian, but documents for which tort counsel is an author or recipient or

participant that are otherwise responsive shall be produced unless privileged or otherwise subject to a meritorious objection.

4. The scope of discovery generally shall be limited to the post-*Harger* production time period and generally shall be at limited to a "macro" level, such as decisions made by senior decision makers, the studies/analyses considered in making those decisions, and the bases and reasons for making those decisions. However, specific, targeted requests for particular pre-*Harger* documents, and for "micro" level documents may be permitted in limited instances.

5. The following subject matters are non-exclusive, fair ground for discovery: (i) cost-benefit analyses as to installation of station platform protection barriers; (ii) decisions to accept or reject proposals for funding or subsidizing of station platform protection barriers; (iii) studies/analyses assessing need for, potential installation of, or efficacy of, station platform protection barriers; (iv) pilot projects for installation of station platform protection barriers; (v) studies or analyses of train speed vis-a-vis potential injury to persons waiting on or pushed from platforms.

6. "Raw data" generally need not be produced, but may be appropriate in specific, targeted instances.

7. "Litigation costs" only need be produced to the extent they are included in cost-benefit analyses or comparison to costs of installing station platform protection barriers.

8. "Track geometry car" documents need not be produced.

9. Defendant shall exercise good faith in designating materials confidential.

10. The parties may serve contention interrogatories and requests to admit to narrow the issues and extent of discovery.

11. The number and duration of depositions will be addressed at a later juncture.

SO ORDERED,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: February 6, 2025
New York, New York